UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6218-CR-ROETTGER

NIGHT BOX
FILED

FEB - 6 200

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA,   :

    Plaintiff,   :

vs.   :

JOHNYE FAIRMAN,   :

    Defendant.   :
_____/

## OBJECTIONS TO REVISED PRESENTENCE INVESTIGATION REPORT

The defendant, through counsel, files these objections to the Revised Presentence Investigation Report (PSI).

On January 5, 2001, a PSI was compiled which granted Ms. Fairman a two-level reduction based on her affirmative acceptance of responsibility. See initial PSI at page 6, paragraph 12. This finding was based in part on the written statement supplied by Ms. Fairman where she clearly and unequivocally accepted responsibility for her conduct. Additionally, no adjustment for obstruction of justice was found.



On February 2, 2001, a revised PSI was issued which withdrew the reduction for acceptance of responsibility and enhanced the defendant's sentence for obstruction of justice. The defendant objects to both findings in the revised PSI.

First, the revised PSI relates that the obstruction of justice enhancement is warranted as a result of the defendant "absconding from the supervision of the United States Pretrial Services Office." Revised PSI at paragraph 18 of page 6.

Obstruction of justice is covered by U.S.S.G. § 3C1.1. That section reads:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Purportedly, the PSI was revised to include the obstruction enhancement relying on application note 4(e) that is an example of circumstances warranting obstruction which reads:

> Escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear as ordered for a judicial proceeding. (Emphasis added.)

What the defendant's conduct appears to be is a failure to keep appointments with the office of Pretrial Services and failure to keep Pretrial Services apprised of her residence and whereabouts. While this certainly falls below what is expected from someone on pretrial release, it does not rise to the level of obstruction of justice.

Initially it must be noted that the government has the burden of proving the applicability of a guideline section which would enhance the offense level. United States v. Shriver, 967 F.2d 572, (11th Cir. 1992). The defendant's conduct does not fall into either the plain definition of obstruction

2

found at 3C1.1 or application note 4(e). Ms. Fairman has not "escaped" from custody before sentencing (if in fact she appears for sentencing) as she has not been in custody prior to sentencing. Furthermore, she has not failed to appear as ordered, for a judicial proceeding. Appointments at the office of Pretrial Services are not judicial proceedings. The enhancement for obstruction of justice is not supported by proof.

Ms. Fairman also objects to the withdrawing of the two level reduction for acceptance of responsibility that was awarded in the initial PSI. The reason for the withdrawal of the initial award for acceptance of responsibility is stated at paragraph 21 of page 7 to be that, "The defendant absconded from the supervision of the United States Pretrial Services Office and a warrant was issued for her arrest on January 26, 2001."

Acceptance of responsibility is government by U.S.S.G. § 3E1.1 and the guidelines themselves provide guidance as to the appropriate considerations for determining acceptance. One consideration according to application note 1(a) of § 3E1.1 is "truthfully admitting the conduct comprising the offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is held accountable under 1B1.3." Ms. Fairman has done this. Ms. Fairman was arrested on August 22, 2000. Previously, in a post-<u>Miranda</u> statement Ms. Fairman admitted all offense and relevant conduct regarding the forged checks to agents of the Secret Service.

An additional consideration for the court is found in note 3 to § 3E1.1. This commentary note indicates that entry of a guilty plea and truthfully admitting offense and relevant conduct is "significant evidence of acceptance of responsibility." The defendant was arrested on August 22, 2000. At the first calendar call on November 17, 2000, Ms. Fairman notified the court of her

3

intention to plead guilty. In fact, the plea was entered shortly thereafter on December 1, 2000 and Ms. Fairman admitted the offense to this Court.

Additionally, Ms. Fairman appeared at the office of United States Probation and cooperated fully in the interview by the probation officer which resulted, in part, in the compilation of the PSI.

Wherefore the defendant requests that this court grant the defendant's objections.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ____ day of February, 2001 to Bertha Mitrani, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Edward Cooley, United States Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

4