UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6218-CR-ROETTGER

UNITED STATES OF AMERICA,  :

    Plaintiff,               :

vs.                               :

JOHNYE FAIRMAN,       :

    Defendant.            :
_____/

**NIGHT BOX**
**FILED**
FEB - 6 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## MOTION FOR DOWNWARD DEPARTURE

The defendant, through counsel, requests a downward departure from the sentencing guidelines and in support thereof states as follows:

1. Currently, the defendant is scheduled for sentencing February 9, 2001. A Revised PSI has been compiled in the case. Ms. Fairman requests a downward departure from the guidelines pursuant to U.S.S.G. § 5H1.4 or for an extraordinary physical condition.

2. While physical condition is not ordinarily relevant, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range. U.S.S.G. § 5H1.4.

3. Ms. Fairman is an obese 45 year old woman, in poor general health, who has experienced cardiac difficulties and who has been maintained on methadone for a heroin addiction problem. The cardiac difficulties are verified by the revised PSI at paragraph 47 of page 15. The methadone maintenance is depicted on page 16 at paragraphs 49 and 50 where it is detailed that Ms.



Fairman has been maintained on methadone since 1995 at the Hollywood Methadone Treatment Center.

4.  It is specifically the combination of poor health, cardiac difficulties and methadone maintenance that combined to create an extraordinary physical impairment that the Bureau of Prisons (BOP) cannot accommodate. The revised PSI details the statement of Dr. Joseph Dorsey who is the Director of the Hollywood Methadone Treatment Center, who indicates that Ms. Fairman will suffer acute withdrawal symptoms from methadone. Dr. Dorsey related to undersigned counsel that this withdrawal, in conjunction with Ms. Fairman's cardiac problems, could be fatal. The revised PSI also indicates that the BOP will not continue the defendant on methadone but will subject her to detox under medical supervision. As is indicated by Dr. Dorsey, this could be harmful or even fatal to Ms. Fairman. There are the kind of circumstances that render a physical impairment extraordinary under § 5H1.4. United States v. Rioux, 97 F.3d 648, 663 (2nd Cir. 1996) (combination of serious health problems requiring ongoing monitoring one factor that allowed departure to home confinement); United States v. Greenwood, 928 F.2d 645, 646 (4th Cir. 1991) (affirmed departure for double amputee whose required treatment at Veterans Administration Hospital would be jeopardized by incarceration); United States v. Gee, 226 F.3d 885 (7th Cir. 2000) (departure under 5H1.4 upheld where "imprisonment posed a substantial risk to defendant's life").

5.  The present case is not unlike the defendant in Gee where imprisonment posed a substantial risk to defendant's life. If Ms. Fairman is subject to detox as the BOP states she will be, she may suffer serious cardiac problems. It is requested that the Court downward depart from the guidelines in accord with 5H1.4 based on this extraordinary physical impairment.

2

WHEREFORE, the defendant requests that this Court grant this motion and depart downward from the sentencing guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ___7___ day of February, 2001 to Bertha Mitrani, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Edward Cooley, United States Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

S:\DAY\Fairman\Depart 01.wpd